*** Filed ***
09:31 AM, 30 Jul, 2025
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Natasha C. Merle
Honorable U.S. District Judge
225 Cadman Plaza East
Courtroom 2F
Brooklyn, NY 11201

July 30, 2025

**Via ECF**

**Re: Jenkins v. Radius Global Solutions, LLC**
**2:25-cv-03998-NCM-ST**

PLAINTIFF'S LETTER IN OPPOSITION TO DEFENDANT'S REQUEST FOR PRE-MOTION CONFERENCE

Dear Judge Merle:

Plaintiff, Jarrett R. Jenkins respectfully submits this letter in opposition to the pre-motion conference request filed by Defendant, Radius Global Solutions, LLC ("Radius") on July 25, 2025. Defendant's anticipated Motion for Summary Judgment is both procedurally improper and substantively meritless, and a conference would not be an efficient use of the Court's or the parties' resources.

The motion is procedurally improper and premature. Defendant has filed this motion before filing an Answer, and no discovery has occurred. Summary judgment is inappropriate before the issues in the case have even been joined and before Plaintiff has been afforded the right to conduct discovery.

The motion is also substantively meritless for two primary reasons:

1. **Defendant Has Provided No Admissible Evidence of a "Permissible Purpose."** Defendant's entire motion rests on the hearsay declaration of its own employee, who has no personal knowledge of the alleged sale of the underlying account from the original creditor, SoFi Bank, to Defendant's client, Crown Asset Management. Furthermore, Defendant has offered no proof of its own relationship with Crown. Defendant has failed to produce the foundational documents for the **entire** chain of title—neither the bill of sale from SoFi to Crown, **nor the subsequent collection agreement between Crown and itself.** Without proving this complete chain, it cannot prove it had a permissible purpose under 15 U.S.C. § 1681b.

2. **Genuine Disputes of Material Fact Abound.** A clear dispute of fact exists as to whether Radius ever mailed its initial communication letter, the receipt of which Plaintiff denies.

Furthermore, the central issue of whether Defendant's client legally owned the account at the time Defendant accessed Plaintiff's credit report is fundamentally in dispute.

Should the Court permit this motion to proceed, Plaintiff will file a declaration under Federal Rule of Civil Procedure 56(d) demonstrating that discovery is essential to obtain facts to oppose the motion. The evidence required is exclusively within Defendant's possession and control.

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's request for a pre-motion conference and direct Defendant to file its Answer to the Complaint.

Respectfully submitted,

/s/Jarrett R. Jenkins______________
Jarett R. Jenkins
334 Locust Street, Apt.1
West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com

cc: Aaron R. Easley via USPS First Class Mail and ECF.

**CERTIFICATE OF SERVICE**

July 30, 2025

Jarrett R. Jenkins

West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com

I hereby certify under the penalty of perjury that I served a copy of the "Plaintiff's Letter in Opposition to Defendant's Request for Pre-Motion Conference" on the Defendant, Radius via their attorney Aaron R. Easley of Sessions, Israel & Shartle, LLC at 3 Cross Creek Drive, Flemington, NJ 08822, by USPS First Class Mail & ECF.

/s/Jarrett R, Jenkins________
Jarrett R. Jenkins (Plaintiff)