THE SESSIONS FIRM
SESSIONS ISRAEL & SHARTLE
ATTORNEYS AT LAW

**MICHAEL D. ALLTMONT**
**Direct: (504) 846-7954**
**malltmont@sessions.legal**

November 12, 2026

**Via ECF**

The Honorable Natasha C. Merle
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Pre-Motion Letter**
***Jarrett R. Jenkins v. Radius Global Solutions, LLC***
**USDC EDNY, Case. No. 2:25-cv-03998**

Dear Judge Merle:

SESSIONS, ISRAEL & SHARTLE represents the defendant Radius Global Solutions, LLC ("Radius"). Under Section III of Your Honor's Individual Practice Rules, Radius hereby requests a Pre-Motion Conference and permission to file a Rule 56 Motion for Summary Judgment. Pursuant to Rule III.A.4, attached is RGS's Statement of Material Facts.

This lawsuit is not complicated. Plaintiff, Jarrett R. Jenkins, a serial *pro se* filer in this court, alleges Radius violated § 1681b of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq*., by obtaining his consumer report without a permissible purpose. Plaintiff's claim fails, however. A debt collector is permitted to inquire into a consumer's credit report in connection with the collection of a debt. Here, Radius is a debt collector and made a credit inquiry in connection with the collection of a debt originated by SoFi Bank and owed to debt purchaser Crown Asset Management, LLC. Plaintiff admits he incurred and did not repay the $48,718.46 debt.

Under 15 § 1681b(f), a person shall not use or obtain a consumer report unless it is "obtained for a purpose for which the consumer report is authorized to be furnished under this section" A person is permitted to obtain consumer report if the person "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or

*collection of an account of, the consumer* ...” 15 U.S.C. § 1681b(a)(3)(A) (emphasis added). This provision allows a debt collector to access an individual's credit report when collecting debt. *See Edge v. Pro. Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000) (because debt collector “sought the information in the collection of a credit transaction involving Plaintiff” it “clearly [had a] permissible purpose under Section 1681b(3)(A).”); *McChriston v. Diversified Consultants*, 2019 WL 2912172, at *1 (S.D.N.Y. July 8, 2019); *Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 170 (S.D.N.Y. 2014).

Here, Radius was hired as a debt collector to assist in recovering Plaintiff’s unpaid debt originated by SoFi Bank, ending in 7673. *See* Stevens Decl. ¶¶ 3-4. Radius subsequently obtained Plaintiff’s credit report in furtherance of that collection effort. *Id*. at ¶ 5. This is precisely the kind of “collection of an account” contemplated under § 1681b(a)(3)(A).

The discovery period closed on October 15, 2026. During discovery, Plaintiff confirmed he incurred and did not repay the subject SoFi Bank account. Plaintiff also confirmed the address Radius mailed a collection letter to was (and is) his correct address.

This case is nearly identical to two recent cases where Radius was granted summary judgment after the Court held the company had a permissible purpose for pulling the respective plaintiffs’ credit reports in connection with debt collection. *See Layne-Williams v. Radius Global Solutions, LLC*, No. 22CV340 (DLC), 2022 WL 17251665 (S.D.N.Y. Nov. 28, 2022); *Jefferson-James v. Radius Glob. Sols.*, No. CV 24-0507, 2025 WL 1648373, at *3 (W.D. La. June 10, 2025). Specifically, the court in *Jefferson-James* stated the following:

> Radius claims that the accessing of Jefferson-James’s consumer report was, contrary to her allegations, permissible because its purpose for doing so was in connection with an account Radius was retained by Cox Communications to collect. Radius’s Chief Compliance Officer, Greg Stevens, made a declaration that supports this assertion. The declaration establishes that Jefferson-James’s account with Cox Communications was placed with Radius on January 16, 2024, for collection, and Radius’s access to her consumer report occurred afterward on the same day and in connection with its collection on that account. An email sent by Radius to

> Jefferson-James the following day further corroborates this narrative. Jefferson-James has presented nothing to controvert the declaration of Greg Stevens or the email. Thus, this Court finds that Radius accessed Jefferson-James's account for the permissible purpose enumerated by 15 U.S.C. § 1681b(a)(3)(A).

*Id*.

In addition to dismissal of Plaintiff's claims, Radius intends to seek attorney's fees pursuant to 15 U.S.C. § 1681n(c) providing that attorney's fees may be awarded in response to a pleading "filed in bad faith or for purposes of harassment[.]" 15 U.S.C. § 1681n(c). Plaintiff is a serial litigant. A Pacer search reflects that he is a plaintiff in numerous lawsuits, many of them asserting claims under the FCRA (including, but not limited to alleged permissible purpose violations), and many of them against debt collectors and debt buyers. *See Jenkins v. Portfolio Recovery Assocs.*, LLC, No. 14CV3532SJFAKT, 2017 WL 1323798 (E.D.N.Y. Feb. 13, 2017) (summary judgment for defendant on FCRA claim); *Jenkins v. AmeriCredit Fin. Servs., Inc.*, No. 14CV5687SJFAKT, 2017 WL 1325369 (E.D.N.Y. Feb. 14, 2017) (summary judgment for defendant on FCRA claim); *Jenkins v. LVNV Funding, LLC*, No. 14CV5682SJFAKT, 2017 WL 1323800, at *12 (E.D.N.Y. Feb. 28, 2017) (summary judgment for defendant on FCRA claim). Indeed, this Court recently issued a notice of related cases identifying 38 related cases involving plaintiff, including 12 filed or removed in 2025 and 2026 alone.

Moreover, Radius sent Plaintiff the Letter to the same address Plaintiff identified as his own in his Complaint and admitted in discovery was accurate when the letter was sent. *See* Statement of Facts Nos. 5-6. The Letter was not returned undeliverable and conspicuously stated "**Radius Global Solutions is a debt collector**. We are trying to collect a debt that you owe to CROWN ASSET MANAGEMENT, LLC." *See* Stevens Decl. at ¶ 6; Exhibit A-2 (emphasis in original).

Accordingly, Radius seeks leave to file a Motion for Summary Judgment seeking dismissal of Plaintiff's FCRA claim (the only one asserted) and an award of attorney's fees.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Michael D. Alltmont*

Michael D. Alltmont